# William A. Stevenson et al., Plffs. in Err., *v.* James A. Black, to Use of John C. Gabler.

The act of February 24, 1834, § 25 (Purd. Dig. 11th ed. 526), relating to continuance of the lien of a judgment on defendant's lands after his death, extends to lands of which the defendant was seised at the date of the judgment, though alienated before his death. Nicholas v. Phelps, 15 Pa. 36, followed.

(Decided October 19, 1885.)

Error to the Common Pleas of Greene County to review a judgment for plaintiff upon a scire facias to renew the lien of a former judgment. Affirmed.

The judgment sought to be revived was entered against Ellis Stevenson, Sr., and Ellis Stevenson, Jr., for $2,400, May 5, 1873.

Ellis Stevenson, Sr., died April 9, 1878, less than five years after the date of the judgment. This action was brought November 4, 1881, less than five years after the death of Stevenson, but more than five years after the date of the judgment. Defendants claimed that the lien of the judgment had expired by lapse of time. Plaintiff, however, relied on § 25 of the act of February 24, 1834, as continuing the lien of the judgment until five years after the death of the judgment debtor. There having been a verdict and judgment in favor of plaintiff, defendants brought error.

*P. A. Knox* and *R. F. Downey,* for plaintiffs in error.—The act of February 24, 1834 (Purdon's Digest, 11th ed., 526), after providing that judgments which were liens on the decedent's real estate at his death shall continue to be liens for five years thereafter, without revival, further provides: "And after the expiration of such term, such judgments shall not continue

NOTE.—Section 25 of the act of February 24, 1834, is not affected by the act of June 1, 1887 (P. L. 289), which provides for a revival every five years. Searight's Estate, 163 Pa. 210, 29 Atl. 800. The land is bound for five years after death, though it has been conveyed after judgment. Nicholas v. Phelps, 15 Pa. 36. But the lien is not extended five years by the death of the terre-tenant. Long v. McConnell, 158 Pa. 573, 28 Atl. 233; Judson v. Lyle, 8 Phila. 98. Nor would the death of the assignee for the benefit of creditors have that effect. Re Fulton, 51 Pa. 204.

a lien on the real estate of such decedent, as against a bona fide purchaser, mortgagee, or other judgment creditor of such decedent, unless revived by scire facias or otherwise, according to the laws regulating the revival of judgments."

Now we claim that, under the terms of that act, in order to continue the lien of such a judgment longer than five years after the decedent's death it is necessary to proceed to revive it just as judgments among living persons are revived; that a sci. fa. to revive must be issued within five years from the entry of the judgment sought to be revived; and that it will not do to issue the sci. fa. at any time within five years after the death of the decedent.

Hence, we claim that the lien of the judgment entered May 5, 1873, had expired, at least as to said grantees, on November 4, 1881, when the sci. fa. in this case was issued.

*Black & Donley,* for defendant in error.—It is difficult, if not impossible, to understand how such a conclusion could be drawn from the section of the act as is contended for by the counsel for plaintiffs in error.

Apparently no language could be clearer. "All judgments which at the time of the death of a decedent shall be a lien on his real estate shall continue to bind such real estate during the term of five years from his death, although such judgments be not revived by scire facias or otherwise after his death; and such judgments shall rank during such term, according to their priority at the time of his death." Now, if the term as to any class of debtors was to be five years from the entry of the original judgment, it was easy to say so.

Such is not the construction given to the section by this court. In Nicholas v. Phelps, 15 Pa. 36, this court says: "Although the act of assembly of 1834 speaks of the continuance of the lien of judgments on the land of defendant, at the time of his death, and extends it for five years from that period, it is nevertheless to be interpreted as relating to lands of which he was seised at the rendition of the judgment. Otherwise the statute might be made inoperative by a sudden alienation shortly before death. The statute operates upon subsisting liens at the time of the decease, more particularly than upon the lands, and was designed to extend the lien five years, so as to prevent executors and administrators from being harassed immediately after the death of

the decedent; and to give them time to bring the lands and effects into a liquidation of the debts of the deceased, through the instrumentality of the orphans' court, and also ·to· save estates from unnecessary costs."

PER CURIAM:

The construction given in Nicholas v. Phelps, 15 Pa. 36, to § 25 of the act of February 24, 1834, has been acquiesced in for thirty-five years. We are not aware that its correctness has been questioned in this court during all that time. If the statute was now before us for the first time, its proper construction would be a fair question for argument. This, however, does not justify us in now disturbing that which has been recognized as a correct construction for so many years. Titles have passed and been acquired in reliance on its correctness. We recognize it as the law of this commonwealth and adhere to it accordingly. It rules this case.

Judgment affirmed.